IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VALENTINE GONZALEZ, JR. | § | |
| VS. | § | CIVIL ACTION NO. 9:18cv227 |
| PHILIP LEON JACOB, ET AL. | § | |

ORDER ADOPTING THE MAGISTRATE
JUDGE'S REPORT AND RECOMMENDATION

Plaintiff Valentine Gonzalez, Jr., an inmate formerly at the Polunsky Unit, proceeding *pro se*, brought the above-styled lawsuit pursuant to 42 U.S.C. § 1983 against inmate Philip Leon Jacob and the TDCJ Polunsky Unit.

The court referred this matter to the Honorable Zack Hawthorn, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends dismissing this action without prejudice.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record and pleadings. No objections to the Report and Recommendation of United States Magistrate Judge were filed by the parties.

After the report was entered, plaintiff amended his complaint to name the TDCJ Polunsky Unit as a defendant in this action. Plaintiff claims the unit failed to protect him because the officers were not at their posts. However, plaintiff's claims against the TDCJ Polunsky Unit, as an agency of the State of Texas, are barred by the Eleventh Amendment.

The Eleventh Amendment provides that the State of Texas, as well as its agencies, are immune from liability. *Kentucky v. Graham,* 473 U.S. 159, 167, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985). The Eleventh Amendment bars claims against a state brought pursuant to 42 U.S.C. § 1983. *Aguilar v. Texas Dept. of Criminal Justice,* 160 F.3d 1052, 1054 (5th Cir. 1998). In *Will v. Michigan Department of State Police,* 491 U.S. 58, 71, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989), the Supreme Court held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." The Supreme Court upheld the dismissal of the Michigan Department of State Police and

its Director sued in his official capacity. *Id.* The Fifth Circuit has accordingly "held that the Eleventh Amendment bars recovering § 1983 money damages from TDCJ officers in their official capacity." *Oliver v. Scott,* 276 F.3d 736, 742 (5th Cir. 2002).

Here, plaintiff's claims against the TDCJ Polunsky Unit fail to state a claim upon which relief may be granted since the Eleventh Amendment bars recovery of monetary damages regarding such claims. While an exception has been carved out for relief that is declaratory or injunctive in nature and prospective in effect, any request for injunctive relief in this case is moot based on plaintiff's transfer from the Polunsky Unit. *See Aguilar*, 160 F.3d at 1054; *see also Mayfield v. Texas Department of Criminal Justice*, 529 F.3d 599, 604-05 (5th Cir. 2008). Plaintiff's transfer to another prison has rendered moot his claim for injunctive relief at the Polunsky Unit. *Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *Cooper v. Sheriff, Lubbock County, Texas*, 929 F.2d 1078, 1084 (5th Cir. 1991). Accordingly, plaintiff's claims against the TDCJ Polunsky Unit should be dismissed for failing to state a claim.

## O R D E R

Accordingly, the findings of fact and conclusions of law of the Magistrate Judge are correct and the report of the Magistrate Judge is **ADOPTED**. For the reasons set forth above and in the report, plaintiff's complaint will be dismissed. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendation.

**So Ordered and Signed**
**Sep 23, 2019**

_____
Ron Clark, United States District Judge